UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

PAPALAS DRIVE INVESTMENTS, LLC,
a Michigan Limited Liability Company,
**H.D.V. - LINCOLN PARK, LLC**, a
Michigan Limited Liability Company, **MIC
LIMITED**, a Michigan Corporation, **LC
THEATRE CORP**, a Michigan corporation.
                  Plaintiffs

Case No. 07-15358
Honorable: Nancy G. Edmunds

**EMERGENCY MOTION FOR
ORDERTO SHOW CAUSE AND TO
COMPEL DEFENDANT'S
COMPLIANCE WITH THE CONSENT
JUDGMENT**

vs.

**CITY OF LINCOLN PARK,**
a Municipal Corporation,

        Defendant.
_____/

**EMERGENCY MOTION FOR ORDER TO COMPEL DEFENDANT'S COMPLIANCE
WITH CONSENT JUDGEMENT AND TO SHOW CAUSE WHY DEFENDANT AND
CERTAIN REPRESENTATIVES OF DEFENDANT SHOULD NOT BE HELD IN
CONTEMPT**

Now comes Plaintiffs PAPALAS DRIVE INVESTMENTS, LLC, and HDV-LINCOLN PARK, LLC , by and through their attorneys, and pursuant to 18 U.S.C.A. §401 and Fed.R.Civ.P. 70, moves this Court for an Order to Show Cause why Defendant City of Lincoln Park and certain of its agents, and members of its City Council should not be held in Contempt of this Court's Consent Judgment dated March 14, 2008, and in support thereof states as follows:

      1.       Pursuant to LR 7.1 (a), the undersigned states that he met with counsel for Defendant on or about October 5. 2009, and explained the nature of the instant motion and its legal basis but did not obtain the concurrence in the relief sought.

2. The Plaintiffs are a constitutionally protected business pursuant to the First Amendment of the United States Constitution.

3. The Plaintiffs initiated this action seeking declaratory and injunctive relief against enforcement of the Defendant's Ordinances regulating adult entertainment businesses and also seeking damages, costs, attorney's fees and other relief.

4. The parties hereto entered into a certain Consent Judgment (the "Consent Judgment"), which was entered by this Court on March 14, 2008, to resolve Plaintiff's claims of unconstitutionality against Defendant.

5. The Consent Judgment incorporated the terms of a certain Stipulation for Entry of Consent Judgment and Settlement Agreement. The Consent Judgment, and Stipulation and Settlement Agreement are found at the record herein at Dkt. # 16.

6. The Consent Judgment specifies that Plaintiff HDV – Lincoln Park, LLC, ("HDV") was to establish an alcohol serving bar/restaurant/nightclub in the City of Lincoln Park, on the "Hustler Property" and to operate same in full compliance with the rules and regulations of the Michigan Liquor Control Commission. (Dkt. 16, page 8 of 80), and Plaintiff Papalas Drive Development LLC ("Papalas") which owns the Hustler Property, is to lease same to HDV (Dkt.16, page 9 of 80).

7. The Consent Judgment specifies that Plaintiffs had submitted building plans for the construction of a Hustler Club building on the Hustler Property and the Consent Judgment Ordered that those plans were "approved and ratified in all respects" (Dkt. 16, paragraph 21, page 24 of 80).

8. Pursuant to the Consent Judgment, the Defendant shall cooperate with Papalas in regard to, and to the extent required approve and/or not object to, Papalas' applications for any necessary county, state, federal or utility company approvals, permits or authorizations, to the extent that such applications are consistent with the Plans, the Signage Plans, and the Settlement Agreement. (Dkt. 16, paragraph 23 a, page 25 of 80).

2

9. The Consent Judgment states that provided that Papalas has made all requisite filings and submissions and paid all requisite fees, the Defendant shall not unreasonably delay providing or issuing all permits, authorizations and submissions required in connection with the development and use of the Hustler Property in accordance with the Plans, the Signage Plans, and the Settlement Agreement (Consent Judgment Dkt. 16, paragraph 23 b, page 26 of 80).

10. The Consent Judgment requires that all Parties shall reasonably cooperate with one another in complying with the terms of this Settlement Agreement and the Consent Judgment. In particular, the Defendant is required to cooperate with Papalas and H.D.V. in expeditiously processing and acting upon applications for any and all necessary licenses, permits, or other types of governmental approvals and/or certifications with regard to the construction of the building to be erected on the Hustler Property, the signage to be established thereat, and the establishment of the *Hustler Club* therein (Dkt. 16, paragraph 26, page 27 of 80).

11. The Consent Judgment also provides that if any required licenses, permits, governmental approvals or certifications are unreasonably withheld by the Defendant, this Court shall, upon application of any of the affected Plaintiffs, issue a show cause order why such license, permit, governmental approval or certification should not be issued. (Dkt. 16, paragraph 26, page 27 of 80).

12. The Consent Judgment provides that a violation of the terms of the Settlement Agreement as incorporated into the Consent Judgment shall be subject to the contempt powers of this Court. (Dkt. 16, paragraph 27, page 27 of 80).

13. The Consent Judgment requires that the Defendant will not object to the issuance by the Michigan Liquor Control Commission of a Class C liquor license, entertainment permit, Sunday sales permit, and Topless Activity Permit, for the *Hustler Club*, and/or the transfer of such licenses and permits from a third party to H.D.V. for use on the Hustler Property. (Dkt. 16, paragraph 28, page 27 of 80).

14. The Consent Judgment provides that if any provision of the Settlement Agreement as incorporated into the Consent Judgment conflicts with any provisions of the Lincoln Park Planning and Zoning Code, or any amendment thereto, or any other ordinance, resolution, rule or regulation of the said City which are/is currently in effect or which may be adopted in the future, the provisions of the Settlement Agreement and Consent Judgment shall control and the provision of the Lincoln Park Planning and Zoning Code, or any amendment thereto, or other ordinance, resolution, rule or regulation, shall be inapplicable to the extent of the inconsistency (Dkt. 16, paragraph 29, page 28 - 29 of 80).

15. The Consent Judgment contains an express stipulation that this Court shall have continuing ancillary jurisdiction to enforce the terms of the Settlement Agreement and the Consent Judgment. (Dkt. 16, paragraph 31, page 28 of 80).

16. The Consent Judgment provides that in the event of any legal action seeking enforcement or interpretation of this Settlement Agreement or the Consent Judgment, the prevailing party in such dispute shall be entitled to recover its reasonable attorneys' fees and costs incurred in connection with any such dispute, at the discretion of the Court. (Dkt. 16, paragraph 37, page 33 of 80).

17. The Consent Judgment expressly provides that the Defendant had and has no actual knowledge of any grounds for bringing any type or form of legal or administrative proceeding, criminal, civil or otherwise, against the Plaintiffs or the Hustler Property (or their respective agents, etc), that the City had no intention, and would not in the future, assert or file any administrative proceeding or legal claim of a civil or criminal violation of any of the provisions of the Lincoln Park Code of Ordinances, the Lincoln Park Planning and Zoning Code, or of other federal, state or municipal laws or regulations, against the Plaintiffs.(Dkt. 16, paragraph 42, page 34 -35 of 80).

18. The Consent Judgment expressly provided that the Defendant represented that it had and has no actual knowledge of any claims, defects, grounds, or problems that would preclude,

4

prohibit, interfere with, diminish, or impair Papalas and H.D.V. from erecting the desired structure on the Hustler Property and opening and operating thereat the *Hustler Club* in the manner and fashion desired. Specifically, Defendant represented that it knew (and knows) of no basis pursuant to the provisions of the Lincoln Park Code of Ordinances to deny H.D.V. from obtaining an adult cabaret license for use on the Hustler Property, or to deny H.D.V. from obtaining a Class C Liquor License for use on the Hustler Property. The Defendant was required, pursuant to the Consent Judgment, to immediately notify Plaintiffs of any information that it may have acquired that would make that representation incorrect (Dkt. 16, paragraph 42, page 34 – 35 of 80).

19. Plaintiff Papalas has constructed a building on the Hustler Property in accordance with the plans that were approved by the Consent Judgment (as amended at the request and instruction of the Defendant).

20. Defendant City has failed and refused to cooperate with Plaintiffs and in fact Defendant City, through its agent Denis Chegash, has wrongfully impeded and delayed the construction approval process, made false and misleading statements and has invented false and spurious "reasons" for refusing to comply with the typical construction process and otherwise delayed the construction approval process in violation of the Defendant City's express obligations under the Consent Judgment.

21. Dennis Chegash is the Defendant City's Building and Engineering Manager, and is charged with inspecting construction and with issuing building permits and certificates of occupancy.

22. Defendant City, through its Building and Engineering Manager Dennis Chegash, has willfully and deliberately interfered with and impeded the construction of the Hustler building, by changing criteria, falsifying inspection data, creating new and hitherto un-authorized construction standards.

23. Upon information and belief, Plaintiff Papalas has satisfied all pre-requisites that the Defendant City usually and customarily requires of other construction projects.

5

24. Defendant City's actions in regard to the building and construction process are a breach and violation of the Consent Judgment and cause Plaintiffs irreparable harm delaying and preventing the Plaintiffs from opening its constitutionally protected business.

25. Plaintiff HDV has applied for the transfer of a liquor license, to the MLCC.

26. Plaintiff HDV has successfully completed the liquor license investigation conducted by the Defendant City of Lincoln Park Police Department and the Police Department's approval was communicated to the Defendant and its City Council.

27. Upon information and belief, the MLCC has approved the transfer of the liquor license to Plaintiff HDV, subject to the issuance of a Certificate of Occupancy and notified Defendant City that it is appropriate to approve the liquor license transfer application of HDV.

28. Consistent with the above, Plaintiff HDV applied for approval of the transfer of the liquor license to the Defendant City, via the Defendant's City Council.

29. Plaintiff HDV's application for approval of the license transfer was to be presented to the Defendant's City Council on October 5, 2009.

30. As set forth above, all other regulatory bodies and agencies that have jurisdiction over this process have approved the transfer of the liquor license to Plaintiff HDV, including the MLCC and the City of Lincoln Park Police Department.

31. As confirmed by Defendant and its City Council, Plaintiff HDV has satisfied all pre-requisites that the Defendant usually and customarily requires of other applicants for liquor licenses.

32. As a result of the express provisions of the Consent Judgment, the approval of the Defendant's City Council of HDV's application for liquor license transfer was and is a purely "ministerial" act, and its City Council was required to approve of HDV's request to transfer.

33. At a meeting of the Defendant's City Council on October 5, 2009, four members of that council, VALARIE BRADY, MICHAEL MEYERS, THOMAS MURPHY and MARIO DISANTO, wrongfully and willfully violated their obligations and duties as required by the Consent

6

Judgment, by improperly determining to delay approving HDV's application for transfer of a liquor license for an indefinite period until the City of Lincoln Park Code of Ordinances was amended.

34. The actions of the Defendant City and the aforementioned agents and City Council Members are a breach and violation of the Consent Judgment and the Defendant City and the aforementioned agents and City Council Members should be ordered to appear before this Court and show cause why they should not be held in contempt of this Court and why this Court should not assess sanctions against them to ensure that they shall not further violate the Consent Judgment.

35. Plaintiffs, and their representatives, will appear before this court to support the allegations set forth herein. Additionally, Plaintiffs are in possession of video evidence which will be presented to the Court to substantiate this motion.

36. That consistent with the Consent Judgment, the Court should award Plaintiff Papalas and HDV its attorneys' fees and costs incurred in connection Defendant City's breach. (Dkt. 16, paragraph 37, page 33 of 80).

WHEREFORE, Plaintiff prays for the following relief:

A. Based upon the foregoing violations and breaches of the Consent Judgment, Plaintiffs pray this Court to ORDER that the following persons appear before this Court on a date and time to be selected by this Court and SHOW CAUSE why they should not be held in contempt of this Court and why they should not also be SANCTIONED for their violations of this Court's Consent Judgment:

    Defendant CITY OF LINCOLN PARK

    Dennis Chegash, City of Lincoln Park Building and Engineering Manager

    VALARIE BRADY, City Councilperson

    THOMAS MURPHY, City Councilperson

    MICHAEL MEYERS, City Councilperson

    MARIO DISANTO, City Councilperson

B. That this Court award to Plaintiffs their costs and attorney's fees incurred in having to bring this Motion.

C. Immediately order and compel the Defendant City and City Council of Lincoln Park to approve the transfer of the Class C Liquor License to H.D.V. Lincoln Park LLC as set forth in the Class C Liquor License Application filed with the Defendant City.

D. Immediately order and compel the Defendant City to approve the construction of the improvements on the 980 J.A. Papalas Drive, Lincoln Park, Michigan.

E. Such other and further relief as is consistent with equity and good conscience.

Dated: 10/7/09

Respectfully Submitted

**JOELSON ROSENBERG, PLC**

By: _____
David W. Warren (P32449)
Attorneys for Plaintiffs HDV and PAPALAS
30665 Northwestern Highway, Ste. 200
Farmington Hills, MI 48334
248-855-2233

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT


**PAPALAS DRIVE INVESTMENTS, LLC,**
a Michigan Limited Liability Company,
**H.D.V. - LINCOLN PARK, LLC,** a
Michigan Limited Liability Company, **MIC
LIMITED**, a Michigan Corporation, **LC
THEATRE CORP,** a Michigan corporation.
                Plaintiffs

vs.

**CITY OF LINCOLN PARK,**
a Municipal Corporation,


      Defendant.
_____/

Case No. 07-15358
Honorable: Nancy G. Edmunds

**BRIEF IN SUPPORT OF
EMERGENCY MOTION  TO
COMPEL DEFENDANT'S
COMPLIANCE WITH CONSENT
JUDGEMENT  AND FOR ORDER
TO SHOW CAUSE**

**BRIEF IN SUPPORT OF EMERGENCY MOTION TO COMPEL DEFENDANT'S
COMPLIANCE WITH CONSENT JUDGEMENT AND FOR ORDER TO SHOW CAUSE
WHY DEFENDANT AND CERTAIN REPRESENTATIVES OF DEFENDANT <u>SHOULD
NOT BE HELD IN CONTEMPT</u>**


**QUESTIONS PRESENTED**

*Whether this Court should hold Defendant and certain members of its City Council in contempt for their violation of a Consent Judgment entered in this case?*

    Plaintiffs assert "yes"

*Whether this Court should Order the Defendant to comply with the Consent Judgment and approve the transfer of a liquor license to Plaintiff HDV and to approve the construction of improvements on the subject real property?*

    Plaintiff asserts "yes"

1

## AUTHORITIES CITED

Statutory Authority

    18 U.S.C.A. § 401

Court Rules:

    Fed.R.Civ.P. 70

Case Citations:

- .Barnes v. Glen Theatre, Inc., 501 U.S. 560, 565-66, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991)

- City of Erie v. Pap's A.M., 529 U.S. 277, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000)

- Delaware Valley Citizens' Council for Clean Air v. Com. of Pa., E.D.Pa.1982, 533 F.Supp. 869, stay denied 533 F.Supp. 885, stay granted, rehearing denied 674 F.2d 987, affirmed 678 F.2d 470, stay denied 103 S.Ct. 14, 458 U.S. 1125, 73 L.Ed.2d 1400, certiorari denied 103 S.Ct. 298, 459 U.S. 969, 74 L.Ed.2d 280

- Elrod v. Burns, 427 U.S. 347, 353, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).

- G & V Lounge, Inc. v. Michigan Liquor Control Com'n, 23 F.3d 1071, 1078 (6th Cir. 1994)

- Lorain NAACP v. Lorain Bd. of Educ., 979 F.2d 1141, 1148 (6th Cir.1992) *cert. denied.* 509 U.S. 905, 113 S.Ct. 2998, 125 L.Ed.2d 691 (1993).

- Newsom v. Norris, 888 F.2d 371, 378 (6th Cir. 1989).

- Spallone v. U.S. 493 U.S. 265, 110 S.Ct. 625, 107 L.Ed.2d 644, 58 (1990).

- Steffel v. Thompson, 415 U.S. 451, 462, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974).

- U.S. v State of Michigan 18 F.3d 348, (6th Cir 1994).

- Williams v.Vukovich, 720 F.2d 909, 920 (6th Cir.1983),

2

**INTRODUCTION AND STATEMENT OF FACTS:**

The Plaintiffs initiated this action seeking declaratory and injunctive relief against enforcement of the Defendant's Ordinances regulating adult entertainment businesses and also seeking damages, costs, attorney's fees and other relief. After a period of time, the parties entered into a Consent Judgment which incorporated a Settlement Agreement and this Court entered the Consent Judgment on March 14, 2008 (Docket #16).

The material terms of the Consent Judgment were essentially as follows:

- Plaintiff Papalas Drive Development LLC (Papalas) is the owner of property located in the City of Lincoln Park and was to construct a building that would eventually house a Hustler Club (the property is referred to in the Consent Judgment as the "Hustler Property").

- After construction was completed, Plaintiff HDV – Lincoln Park, LLC, ("HDV") was to establish an alcohol serving bar/restaurant/nightclub on the "Hustler Property", in conformity with the requirements of the Michigan Liquor Control Commission (Dkt. 16, pages 8 and 9 of 80).

- As part of the process of finalizing the Consent Judgment, Papalas had submitted building plans for the construction of the proposed Hustler Club which were attached as an Exhibit to the Consent Judgment, and the Court Ordered that those plans were "approved and ratified in all respects" (Dkt. 16, paragraph 21, page 24 of 80). At that point, so long as the building was constructed in substantial conformity with the plans, the Defendant City was required to cooperate with the process, to not unreasonably withhold consents and to issue all necessary approvals, certificates and permits, in order for Papalas to obtain a Certificate of Occupancy. (Dkt. 16, paragraph 23 a, page 25 of 80). The Defendant was prohibited from engaging in any

unreasonable delay in providing the permits, authorizations and submissions required in connection with the development of the Hustler Property, in order to allow Papalas to obtain the necessary Certificate of Occupancy and related permits in order to accomplish the purposes of the Settlement Agreement (Dkt. 16, paragraph 23 b, page 26 of 80).

- The Defendant is required to cooperate with Papalas and H.D.V. in expeditiously processing and acting upon all applications for any and all necessary licenses, permits, or other types of governmental approvals and/or certifications with regard to the construction of the building and the establishment of the *Hustler Club*. (Dkt. 16, paragraph 26, page 27 of 80).

- In the event that the Defendant unreasonably delays or withholds any required licenses, permits, governmental approvals or certifications, upon application of the Plaintiffs, this Court shall issue a show cause order why such license, permit, governmental approval or certification should not be issued. (Dkt. 16, paragraph 26, page 27 of 80), and a violation of the terms of the Consent Judgment would be subject to the contempt powers of this Court. (Dkt. 16, paragraph 27, page 27 of 80).

- The Defendant will not object to the issuance by the Michigan Liquor Control Commission of a Class C liquor license, entertainment permit, Sunday sales permit, and Topless Activity Permit, for the *Hustler Club*, and/or the transfer of such licenses and permits from a third party to H.D.V. for use on the Hustler Property. (Dkt. 16, paragraph 28, page 27 of 80).

- The Consent Judgment provides that if any provision of the Settlement Agreement as incorporated into the Consent Judgment conflicts with any provisions of the Lincoln Park Planning and Zoning Code, (or amendments) or an other ordinance, resolution,

4

rule or regulation of the City (including those currently in effect or which may be adopted in the future) the provisions of the Settlement Agreement and Consent Judgment *shall control* and the provision of the Lincoln Park Planning and Zoning Code, or any amendment thereto, or other ordinance, resolution, rule or regulation, shall be inapplicable to the extent of the inconsistency (Dkt. 16, paragraph 29, page 28 -29 of 80).

- The Consent Judgment contains an express stipulation that this Court shall have continuing ancillary jurisdiction to enforce the terms of the Settlement Agreement and the Consent Judgment. (Dkt. 16, paragraph 31, page 28 of 80).

- The Consent Judgment expressly provides that the Defendant had and has no actual knowledge of any grounds for bringing any type or form of legal or administrative proceeding, (criminal, civil or otherwise), against the Plaintiffs or the Hustler Property (or their respective agents, etc), that the City had no intention, and would not in the future, assert or file any administrative proceeding or legal claim of a civil or criminal violation of any of the provisions of the Lincoln Park Code of Ordinances, the Lincoln Park Planning and Zoning Code, or of other federal, state or municipal laws or regulations, against the Plaintiffs.(Dkt. 16, paragraph 42, page 34 - 35 of 80).

- The Consent Judgment expressly provided that the Defendant represented that it had and has no actual knowledge of any claims, defects, grounds, or problems that would preclude, prohibit, interfere with, diminish, or impair Papalas and H.D.V. from erecting the desired structure on the Hustler Property and opening and operating the *Hustler Club* in the manner and fashion desired. Specifically, Defendant represented that it knew (and knows) of no basis pursuant to the provisions of the Lincoln Park

5

Code of Ordinances to deny H.D.V. from obtaining an adult cabaret license for use on the Hustler Property, or to deny H.D.V. from obtaining a Class C Liquor License for use on the Hustler Property. The Defendant was required, pursuant to the Consent Judgment, to immediately notify Plaintiffs of any information that it may have acquired that would make that representation incorrect (Dkt. 16, paragraph 42, page 34 – 35 of 80).

Papalas has constructed a building on the Hustler Property substantially in accordance with the plans that were approved by the Consent Judgment (as amended at the request and instruction of the Defendant). Despite Papalas' substantial adherence to the plans, Defendant, through its Building and Engineering Manager Dennis Chegash, has, repeatedly and in bad faith, changed the criteria for issuing a certificate of occupancy, has falsified documents and reports to other departments of the City, has unreasonably withheld approvals, permits and licenses and has essentially stalled the completion of the construction of the Hustler Project. The Defendant, through its Building and Engineering Manager Dennis Chegash, have caused Plaintiffs irreparable harm delaying and preventing the Plaintiffs from opening its constitutionally protected business. Plaintiffs' representatives will be present in court, including Plaintiffs' architect and building supervisor, to testify in support of this motion.

HDV has always intended on operating a business that served alcohol (See above) and the Defendant has agreed (and this Court Ordered) to cooperate with HDV in obtaining all appropriate liquor licenses and approvals. HDV has applied to the Michigan Liquor Control Commission for the transfer of an appropriate license, and the MLCC has approved the transfer, subject to the issuance of a Certificate of Occupancy. The Defendant's Police Department has also approved the transfer of the liquor license to HDV. The only remaining ministerial act was for the Defendant's City Council to approve the transfer. At a City Council Meeting held on October 5, 2009, HDV's application for license transfer was on the agenda, and was to be voted upon by the Defendant's City Council.

As the City Council meeting of October 5, 2009, the city attorney for Defendant advised the City Council that the approval of the liquor transfer was merely a ministerial act and that City Council was required to approve the transfer pursuant to the Consent Judgment and that failure to approve such application would subject the City and City Council to sanctions and contempt of court as set forth in the Consent Judgment. It is believed that Defendant's representatives will confirm the above. Additionally, a complete video copy of the October 5, 2009 City Council Meeting will be made available to the Court for its inspection as well, which confirms the foregoing.

Clearly, it was the legal position the Defendant's City Attorney that the approval of HDV's application was a ministerial act, that it had already been approved via the terms of the Consent Judgment, and that the members of the City Council were essentially required to vote for the approval.

Also at the City Council meeting, the Defendant's Mayor stated that HDV's application had satisfied all requirements that the City Council had historically imposed upon other applicants and that if the City Council refused to approve HDV's application for license transfer, the Council would be applying a different standard to HDV than it has applied to all other liquor license applicants in the City of Lincoln Park.

Despite the requirements of the Consent Judgment and the advice given by the City Attorney and warnings of the City Mayor, four of the members of the Defendant's City Council, THOMAS MURPHY, VALARIE BRADY, MICHAEL MEYERS and MARIO DISANTO, in an effort to derail the process and to unnecessarily delay and hinder the completion of Plaintiff's project, voted to postpone the vote on HDV's application indefinitely until after the Defendant has amended or revised its ordinances!

It should be noted that all other regulatory bodies and agencies that have jurisdiction over this process have approved the transfer of the liquor license to Plaintiff HDV, including the MLCC and

7

the City of Lincoln Park Police Department and HDV has satisfied all pre-requisites that the Defendant usually and customarily requires of other applicants for liquor licenses.

The approval of the Defendant's City Council of HDV's application for liquor license transfer was and is a purely "ministerial" act, and as a result of the terms of the Consent Judgment, the Defendant City and its City Council was required to approve of HDV's request to transfer.

The act of Defendant's City Council was a clear and blatant breach of the Consent Judgment and Defendant and the individual representatives of the Defendant's City Council should be held in contempt and this Court should order the Defendant to approve the liquor license transfer to HDV and should Order the Defendant to issue a Certificate of Occupancy to Papalas.

**ANALSYIS:**

**1. The Defendant City of Lincoln Park and Council Members Disanto, Murphy, Myers and Brady should be sanctioned for violating the Consent Judgment**

This Court has power to punish (by fine or imprisonment, or both), at its discretion, such contempt of its authority, for disobedience or resistance to its lawful writ, process, order, rule, decree, or command. 18 U.S.C.A. § 401.

Courts have the inherent power to enforce compliance with its lawful orders through civil contempt, see Spallone v. U.S. 493 U.S. 265, 110 S.Ct. 625, 107 L.Ed.2d 644, 58 (1990).

A consent decree or judgment has been held to be a unique legal document. It is both a "voluntary settlement agreement" which could be fully effective without judicial intervention and is also "a final judicial order" which places the power and prestige of the court behind the compromises agreed upon by the parties. It is a "settlement agreement subject to continued judicial policing.", see , Lorain NAACP v. Lorain Bd. of Educ., 979 F.2d 1141, 1148 (6th Cir.1992) (quoting Williams v.Vukovich, 720 F.2d 909, 920 (6th Cir.1983)), cert. denied. 509- U.S. 905, 113 S.Ct. 2998, 125 L.Ed.2d 691 (1993). U.S. v State of Michigan 18 F.3d 348, (6th Cir 1994).

8

A consent decree, even if negotiated by parties, is a judicial act, and a party violating a consent decree is subject to the powers by which the court protects its judgments, including, most notably, the power of contempt, see Delaware Valley Citizens' Council for Clean Air v. Com. of Pa., E.D.Pa.1982, 533 F.Supp. 869, stay denied 533 F.Supp. 885, stay granted, rehearing denied 674 F.2d 987, affirmed 678 F.2d 470, stay denied 103 S.Ct. 14, 458 U.S. 1125, 73 L.Ed.2d 1400, certiorari denied 103 S.Ct. 298, 459 U.S. 969, 74 L.Ed.2d 280.

**2.    Defendant should be ordered to approve the transfer of the Class C Liquor License and approve the completion of the construction of Plaintiff's building.**

It is well established that any infringement of First Amendment rights, for even minimal periods of time, constitutes irreparable injury so as to justify injunctive relief. Elrod v. Burns, 427 U.S. 347, 353, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); and Newsom v. Norris, 888 F.2d 371, 378 (6th Cir. 1989). *See also*, G & V Lounge, Inc. v. Michigan Liquor Control Com'n, 23 F.3d 1071, 1078 (6th Cir. 1994) (the inability of the plaintiffs there to present topless dancing -- the particular matter at issue here -- constituted irreparable harm).

Such rights are at issue here. Even live entertainment that is *fully nude* receives protections under the First Amendment. *See, e.g.*, City of Erie v. Pap's A.M., 529 U.S. 277, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) (plurality), *citing*, Barnes v. Glen Theatre, Inc., 501 U.S. 560, 565-66, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991) (plurality). As referenced, *supra*, topless performance dance entertainment is certainly entitled to constitutional protections. G & V Lounge, 23 F.3d at 1074 n.1 (even subsequent to Barnes, "it nevertheless remains true that topless dancing is (still) constitutionally protected under the First Amendment" (clarification in original)).

The Supreme Court has long noted that those persons engaged in the exercise of constitutional rights are not to be compelled to choose between forgoing the exercise of those rights under the threat of prosecution, or subjecting themselves to prosecution by continuing to engage in such activities. Relief by the Federal Courts is warranted in such circumstances as the failure to

9

intervene "may place the hapless plaintiff between the Scylla of intentionally flouting state law and the Charybdis of foregoing what he believes to be constitutionally protected activity in order to avoid becoming enmeshed in a criminal proceeding." Steffel v. Thompson, 415 U.S. 451, 462, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). This is *exactly* the circumstance here. HDV has the choice of declining to present constitutionally protected dance entertainment in order to avoid prosecution, or engaging in the presentation of the entertainment at issue and then suffer the consequences. Steffel thus compels intervention by the federal judiciary at this point.

Further, because the City's approval of HDV's liquor license application is a legal prerequisite for it to open and operate its intended business, and because the Lincoln Park City Council has refused to even consider HDV's application, HDV is unable to present constitutionally protected entertainment on its premises. Consequently, the actions of the City to fail to consider HDV's liquor license application pursuant to the consent judgment have resulted, and will continue to result in deprivations of First and Fourteenth Amendment rights for which a later award of damages simply cannot make Plaintiffs whole. Plaintiffs are therefore being irreparably harmed, and will continue to be irreparably harmed if this Court does not issue an order holding the City in contempt of the consent judgment and demand that the City complies with that judgment.

**CONCLUSION:**

WHEREFORE, Plaintiff prays for the following relief:

A. Based upon the foregoing violations and breaches of the Consent Judgment, Plaintiffs pray this Court to ORDER that the following persons appear before this Court on a date and time to be selected by this Court and SHOW CAUSE why they should not be held in contempt of this Court and why they should not also be SANCTIONED for their violations of this Court's Consent Judgment:

>Defendant CITY OF LINCOLN PARK
>
>Dennis Chegash, City of Lincoln Park Building and Engineering Manager
>
>VALARIE BRADY, City Councilperson

THOMAS MURPHY, City Councilperson

MICHAEL MEYERS, City Councilperson

MARIO DISANTO, City Councilperson

B. That this Court award to Plaintiffs their costs and attorney's fees incurred in having to bring this Motion.

C. Immediately order and compel the Defendant City and City Council of Lincoln Park to approve the transfer of the Class C Liquor License to H.D.V. Lincoln Park LLC as set forth in the Class C Liquor License Application filed with the Defendant City.

D. Immediately order and compel the Defendant City to approve the construction of the improvements on the 980 J.A. Papalas Drive, Lincoln Park, Michigan.

E. Such other and further relief as is consistent with equity and good conscience.

Dated: 10/17/09

Respectfully Submitted

JOELSON ROSENBERG, PLLC

By: _____
David W. Warren (P32449)
Attorneys for Plaintiffs HDV and PAPALAS
30665 Northwestern Highway, Ste. 200
Farmington Hills, MI 48334
248-855-2233

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

**PAPALAS DRIVE INVESTMENTS, LLC**, a Michigan Limited Liability Company, **H.D.V. - LINCOLN PARK, LLC**, a Michigan Limited Liability Company, **MIC LIMITED**, a Michigan Corporation, **LC THEATRE CORP**, a Michigan corporation.

      Plaintiffs,

vs.

Case No. 07-15358
Honorable: Nancy G. Edmunds

**CITY OF LINCOLN PARK,**
a Municipal Corporation,

      Defendant.
_____/

### CERTIFICATE OF SERVICE

NOW COMES the undersigned and hereby states that on October 7, 2009, the **Emergency Motion for Order to Compel Defendant's Compliance with Consent Judgment and to Show Cause Why Defendant and Certain Representatives of Defendant Should Not be Held in Contempt, Brief in Support, and this Proof of Service** were transmitted via electronic mail to James E. Tamm, Esq. at jetamm@odtlegal.com, and were transmitted via first class mail and facsimile to Edward M. Zelenak, Esq., 2933 Fort Street, Lincoln Park, MI 48146; fax number: (313) 386-7778.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

                                                Valarie L. Young